Upon appellant's motion for dismissal of plaintiff's action, I am of opinion that appellant waived any claim for relief for failure of plaintiff to prosecute in time and, also, for failure to file the notice of motion to strike the first amended answer and counterclaim, by thereafter filing its second amended answer and counterclaim.
The action was based upon a written contract between plaintiff and defendant, which was made a part of defendant's amended pleadings, as "Schedule A," the provision relied upon by defendant being as follows:
"We are pleased to submit our proposal in sinking an 8" inside diameter well using full weight drive pipe and sink same to such depth as will be necessary to reach a suitable and dependable water bearing formation. In this water bearing formation we would install an Everdur metal well strainer of proper length and slot opening to suit the formation."
The plaintiff alleges that the well was constructed in accordance with the contract. Defendant sets up, by way of defense and, also, as a basis for damages in its counterclaim that plaintiff failed to "produce water suitable for the defendant's needs in that the water produced from the well sunk by the plaintiff contained foreign matter." Also that the water was not of similar content and quality as that delivered by the Keyport Water Company, which had previously supplied defendant's water.
Nowhere in the written contract is there any reference to the character or suitability to defendant's business of the water to be produced by the well. The contract relates entirely to the construction of the well and the equipment to be supplied. Nowhere has defendant claimed failure with respect to the construction. Its case rests upon matter not contemplated by the agreement. The contract is not vague and indefinite. If it does not express the actual agreement of the parties thereto, the remedy is by reformation. As was said in N.Y. Sash, etc., Inc.,v. National House, etc., Inc., 131 N.J.L. 466 (E. A.
1943): "The writing is the exclusive repository of the common intention. In the absence of *Page 205 
reformation, the parties are bound by the language employed to state the agreement. Corn Exchange National Bank and Trust Co.v. Taubel, 113 N.J.L. 605" (E. A. 1934). Lillian Casrielet al. v. King, 2 N.J. 45, 65 A.2d 415 (1949).
So here the parties are bound by their expressed agreement, upon which defendant's defenses and counterclaim were based, and on which neither defense or claim for damages could be based.
The judgment should, therefore, be affirmed.